**UNITED STATES of America, Appellant,**

v.

**Rafe Eid JABALI, Defendant–Appellee.**

No. 03–1759.

United States Court of Appeals, Second Circuit.

July 23, 2004.

Adam M. Abensohn, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney), Brooklyn, New York, for Appellant.

Joseph A. Gentile, Frankie & Gentile, P.C., Mineola, New York, for Appellee.

Present: WALKER, Chief Judge, WINTER, and JACOBS, Circuit Judges.

## SUMMARY ORDER

The government appeals from Judge Johnson's grant of Rafe Eid Jabali's Rule 29 motion for a judgment of acquittal. Jabali was convicted of one count of conspiring to commit access fraud in violation of 18 U.S.C. § 1029(b)(2) and two counts of using unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2). These charges were based on Jabali's involvement in two credit card "bust-out" schemes.

Jabali made various claims of discovery violations by the government. Near the end of trial, he moved for a mistrial as a discovery sanction under Rule 16, which permits a court to "enter any ... order that is just under the circumstances" against a party that fails to comply with discovery requirements. Fed.R.Crim.P. 16(d)(2)(D). The government agreed to the mistrial. However, the court responded that "I think the better way to do it, since we've come this far, I think let it go to the jury, see what the jury says and then if there is an adverse ruling, there is a Rule 29 motion you have." Jabali then made a Rule 29 motion for acquittal on the two substantive counts of the indictment based on insufficiency of the evidence, while essentially conceding that the evidence on the conspiracy count was sufficient. *See* Fed.R.Crim.P. 29(a) ("the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction"). The court denied this motion.

The jury convicted Jabali on all three counts. Jabali then renewed his Rule 29 motion for a judgment of acquittal.

The court granted the motion, stating only that "[t]he government will appeal and the Court of Appeals will decide whether I'm right or whether I'm wrong." On appeal, Jabali does not address the government's contention that the evidence against him was legally sufficient on all counts, arguing instead that the Rule 29 motion "was not granted predicated upon a sufficiency analysis." Jabali has thus conceded that the evidence against him was sufficient. *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Pelella*, 350 F.3d 73, 87 (2d Cir. 2003) ("By failing to raise [an] issue on appeal, the argument is deemed waived."); Fed. R.App. P. 28(a)(9)(A) & (b) (both parties' briefs must contain their "contentions and the reasons for them"). If the district court granted the Rule 29 motion because it deemed the evidence insufficient, therefore, it was in error.

■ If, as appears more likely, the district court granted the Rule 29 motion as a discovery sanction against the government, it was also in error. A Rule 29 motion for acquittal may be granted only on the ground that the evidence against a defendant is insufficient. *See* Fed.R.Crim.P. 29(a) ("[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction."); *see also United States v. Gjurashaj*, 706 F.2d 395, 399 (2d Cir.1983) ("[T]he very nature of ... motions [for acquittal under Rule 29] is to question the sufficiency of the evidence to support a conviction."); *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir.1972) ("[I]n passing upon a motion for directed verdict of acquittal, .... if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted.") (quoting *Curley*

*v. United States*, 160 F.2d 229, 232–33 (D.C.Cir.1947)); *United States v. Weinstein*, 452 F.2d 704, 714–15 (2d Cir.1971) (Friendly, C.J.) ("[N]o Rule gives the judge an overriding power to terminate a criminal prosecution in which the Government's evidence has passed the test of legal sufficiency simply because he thinks that course would be most consonant with the interests of justice."). We must therefore vacate the district court's grant of the Rule 29 motion for acquittal.

■ We also remand for further proceedings. On remand, the court should consider Jabali's Rule 16 motion for a mistrial, in which the government joined, and which was never expressly decided on the merits. Instead, the court adopted an alternative procedure that, by giving Jabali more than the relief requested by the mistrial motion, essentially mooted his Rule 16 motion. The district court's selection of the procedure under Rule 29 should not, now that the acquittal has been vacated, be deemed to preclude Jabali's right to a decision on the merits of his mistrial motion.

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings consistent with this order.